IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.             ) | No. 0860 4:20-CR-00288-02 DPM |
| ) | |
| BRITTANY DAWN JEFFREY ) | |

**MOTION TO REMOVE DRUG TESTING CONDITION
OR TO PERMIT DEFENDANT TO USE MEDICAL
MARIJUANA UNDER ARK. CONST., AMENDMENT 98**

Defendant is drug tested by U.S. Pretrial Services for exercising her state constitutional right to use medical marijuana. She is not, however, charged here with a drug offense. Rather, she is tested because she volunteered to both U.S. Pretrial Services and the Magistrate Judge at plea and arraignment that she was a medical marijuana user with a state issued card. She has a legitimate condition authorizing her to use medical marijuana in Arkansas. As expected, she has been testing positive for medical marijuana when tested by U.S. Probation. After numerous positive tests, they are now likely to report her to the court.[1]

As an Arkansas medical marijuana user under Ark. Const., Amendment 98, § 3(a, c), she is exempt from prosecution or penalties or cannot be denied privileges under *state* law.[2] What about federal law?

---

[1] As we all well know, marijuana will show up on a drug test for up to a month after consumption, so positive doesn't mean impaired.

[2] 

    (a) A qualifying patient or designated caregiver in actual possession

1

While she's tested positive, defense counsel has never encountered her impaired by medical marijuana.

## I. Drug Testing Under General Order No. 37

Defendant submits that, under the canon of construction of constitutional avoidance,[3] the court should just remove the drug testing condition because it's not part her alleged offense.

General Order No. 37 (Nov. 13, 1991) requires drug testing in drug cases but leaves it to the Magistrate Judge whether some other accused person should be tested: "In all other cases, a pretrial services officer shall contact the duty magistrate judge to determine whether the defendant shall be tested."  If she shows up for trial impaired, that's a given if she can't properly assist counsel.  If that's the case, defense counsel would warn the court. As we just said, however, not every medical marijuana consumer is

---

of a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner or denied any right or privilege, including without limitation a civil penalty or disciplinary action by a business, occupational, or professional licensing board or bureau, for the medical use of marijuana in accordance with this amendment if the qualifying patient or designated caregiver possesses not more than two and one-half ounces (2½ oz.) of usable marijuana.
    . . .
    (c) A qualifying patient or designated caregiver shall not be subject to arrest, prosecution, or penalty in any manner or denied any right or privilege, including without limitation a civil penalty or disciplinary action by a business, occupational, or professional licensing board or bureau, for giving, or offering to give, up to two and one-half ounces (2½ oz.) of usable marijuana to a qualifying patient or designated caregiver for the qualifying patient's medical use when nothing of value is transferred in return.

[3] *See, e.g., Crowell v. Benson,* 285 U.S. 22, 62 (1932).

always impaired merely by their ingestion of cannabis for medicinal purposes.

We submit, therefore, that despite her positive UAs with Pretrial Services, they cannot attest that she was ever impaired by medical marijuana. And, if she was not impaired, then the drug testing condition isn't serving any rational governmental interest.

Therefore, the court should exercise its discretion in the inherent power of the court and remove the drug testing condition except maybe for any hearing or trial. But still, positive doesn't mean impaired. In addition, the court can inquire of both lawyer and defendant whether she is, in the words of Judge Wilson and adopted by Judge Baker, "at herself." If she's not, defense counsel will tell the court because that would be a problem for trial. A mere positive UA for marijuana, however, really means nothing in the overall scheme of things.

## II. Possession of Marijuana under 21 U.S.C. § 844(a)

Possession or use of marijuana is a crime under the federal Controlled Substances Act of 1970 (CSA), 21 U.S.C. § 844(a), even though the federal government through the Department of Justice would never, ever prosecute such a small simple possession case, except through 36 C.F.R. § 2.35(b)(2), for, say, possession of marijuana on the Buffalo River National Park or Hot Springs National Park.[4] Now, 33 states and the District of Columbia have since legalized marijuana for medical use and 11 recognize adult use. This issue is going to keep arising.

In *United States v. Arizaga,* 2016 WL 7974826 (S.D. N.Y. Dec. 22, 2016), the

---

[4] Still, however, is a medical marijuana user exempt?

3

court ordered U.S. Pretrial Services to not report defendant's failing drug tests for medical marijuana.[5]

### III. Constitutional Considerations

Failing that, defendant raises the following alternative arguments[6]:

**A.   The Controlled Substances Act is unconstitutional as applied to Arkansas grown medical marijuana because it exceeds Congress power over interstate commerce.**

   **1.**   The federal Controlled Substances Act of 1970 (CSA) has now come to be irrationally legislating marijuana into Schedule I for alleged lack of any medical use.[7] The Controlled Substances Act is based on the Commerce Power, U.S. Const., art. I, § 8, cl. 3. *See, e.g., Gonzales v. Raich,* 545 U.S. 1, 16–18 (2005), and *id.* at 17 ("Our case law firmly establishes Congress' power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce. *See, e.g., Perez,* 402 U.S., at 151; *Wickard v. Filburn,* 317 U.S. 111, 128-129 (1942).").

   *Gonzalez,* 541 U.S. at 14 states: "Schedule I drugs are categorized as such because of their high potential for abuse, lack of any accepted medical use, and absence of any

---

[5] *Accord: United States v. Katz,* 2010 WL 183863 (9th Cir. Jan.19, 2010) (vacating a pretrial detention order which modified defendant's bond order to permit use and possession of medical marijuana in compliance with California law).
   *Compare United States v. Pearlman,* 2017 WL 7732811 (D. Conn. July 7, 2017) (court considers and rejects modifying drug testing condition for medical marijuana user resting on defendant's credibility problems with marijuana usage).

[6] Rather than filing a 40 page brief, defendant outlines her arguments for the purpose of preservation.

[7] Even though every state ranks marijuana far lower, or even outright decriminalizes it.

accepted safety for use in medically supervised treatment. § 812(b)(1)." Half a century after the CSA, and 16 years after *Gonzalez,* this knee-jerk legislative judgment of lack of medical use has been proven manifestly false because nearly three-quarters of the states and the District of Columbia, over 80% of the population of the United States, have access to medical or recreational marijuana or both.

Thus, this 51 year old legislative judgment is no longer entitled to a presumption of validity – the states in the 30 years of medical marijuana legislation since California in the early 1990's have proved it wrong.

**2.**    Because medical marijuana in Arkansas is home grown, there's no interstate commerce effect.  Non-medical marijuana logically moves more in interstate commerce, but Arkansas medical marijuana does not.  It just can't. Therefore, *Wickard* and *Gonzalez* don't compel a finding that the CSA should be applied to Arkansas medical marijuana.

**3.**    Because Arkansas recognizes possession and use of medical marijuana as a fundamental right, the federal government must to recognize it under the Ninth[8] and Tenth[9] Amendments.

**B.    Congress has not preempted state regulation of marijuana.**

Yes, there is a Supremacy Clause in U.S. Const., art. VI ¶ 2, but it isn't absolute or invoked just because Congress has legislated, too.

---

[8] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

[9] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

Under preemption, state law is displaced only "to the extent that it actually conflicts with federal law." *Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Development Comm'n,* 461 U.S. 190, 204 (1983).[10] "[T]he rule [is] that a federal court should not extend its invalidation of a statute further than necessary to dispose of the case before it." *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 502 (1985).

Did Congress intend to preempt the field of criminalizing or legalizing marijuana?[11] Of course not. After all, 99+% of marijuana cases originate in state courts. Only the bigger possession or delivery cases end up here. A user case only comes to the court on pretrial release issues or a misdemeanor possession case on federal lands, and neither is prosecuted under the CSA.[12]

Medical marijuana and federal prohibition have to find a way to coexist. They don't have to be adverse to each other.

**C.    Privileges and immunities**

Combined with the Ninth and Tenth Amendments, defendant asserts the privileges an immunities clause. U.S. Const., art. IV, § 2 ("the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."). Some federal courts in

---

[10] Which here harkens back to just dropping the drug testing condition.

[11] *See New York State Dept. of Social Services v. Dublino,* 413 U.S. 405, 413 (1973) ("If Congress is authorized to act in a field, it should manifest its intention clearly …. The exercise of federal supremacy is not lightly to be presumed.").

[12] *See* text accompanying note 4, *supra.*

other states have relaxed prohibitions against medical marijuana for non-drug case federal defendants, then this court should, too. When medical marijuana is a state constitutional right, the federal government, U.S. Pretrial Services or the court, should be loathe to even attempt to interfere with good faith actions under that state right. A citizen of New York or California, for example, gets to use medical marijuana on pretrial release, but an Arkansan cannot? That violates the privileges and immunities of American state citizenship.

On privileges and immunities, the Supreme Court often quotes the two century old opinion of Justice Washington that it protects only "those privileges and immunities which are, in their nature, fundamental; which belong, of right, to the citizens of all free government; and which have, at all times, been enjoyed by the citizens of the several states which compose this Union …. " *Corfield v. Coryell,* 6 F. Cas. 546, 551, No. 3230 (C.C.E.D. Pa. 1823) (No. 3,230) (Justice Washington as Circuit Justice).[13]

Medical marijuana under Amendment 98 is a fundamental right that cannot be penalized, and should not be in federal court either.

Many cases, too many to cite, hold that states can grant more individual rights than the federal government. *See, e.g., Delaware v. Van Arsdall,* 475 U.S. 673, 707 & n.15 (1986). If the court thinks, "well, there's a gap here," the Ninth and Tenth Amendment fill the gap. A state constitutional right should be enforceable in federal court, not ignored

---

[13] ROTUNDA & NOWAK, TREATISE ON CONSTITUTIONAL LAW – SUBSTANCE & PROCEDURE § 12.7(d)(ii) (5th ed. 2020 update).

or easily displaced for a pro forma argument "the federal Controlled Substances Act makes it illegal" even though you'll never be prosecuted, just penalized for exercising a state constitutional right and violating state-federal comity.

**D.     The Department of Justice "appropriation rider" prohibits the any representative of the Department of Justice from participating on this issue.**

For the past several federal budget years, there is an "appropriation rider" on the Department of Justice budget prohibiting its representatives from litigating medical marijuana issues. There is a rider in the current budget, too.

In *United States v. Jackson,* 388 F.Supp.3d 505, 512–14 (E.D. Pa. 2019), the court held the appropriation rider prevents DOJ from participating in medical marijuana decisions in federal court.

**E.     The position of the prosecution**

Defendant did not seek the position of the U.S. Attorney because of *Jackson.*

## CONCLUSION

1.      The court should eliminate the drug testing condition as not serving a legitimate governmental interest unless or until she is actually impaired, not just testing positive.

2.      Alternatively, the court should reach the constitutional questions and hold that she has a state constitutional right to use medical marijuana as recommended by a physician which the federal courts must recognize under the privileges and immunities clause and the Ninth and Tenth Amendments and the inherent powers of the courts.

Respectfully submitted,

JOHN WESLEY HALL
  Ark. Bar No. 73047
1202 Main Street; Suite 210
Little Rock, Arkansas 72202-5057
(501) 371-9131 / fax (501) 378-0888
e-mail:  ForHall@aol.com
  *Attorney for Defendant*

9