IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 4:20CR00288-02-DPM |
| ) | |
| BRITTANY DAWN JEFFREY ) | |

## UNITED STATES' RESPONSE IN OPPOSITION

The United States by and through Jonathan D. Ross, Acting United States Attorney, and Stacy R. Williams, Assistant United States Attorney, for its Response in Opposition to Defendant's Motion to Modify Conditions of Release:

1. On February 3, 2021, a federal grand jury returned a superseding indictment against Brittany Jeffrey charging her with conspiracy attempting to destroy by means of fire a Little Rock Police Department patrol car, attempting to destroy by means of fire the same patrol car, making a Molotov cocktail, possessing a Molotov cocktail, and using that Molotov cocktail in an attempted crime of violence. (Doc. No. 56).

2. Ms. Jeffrey had previously been released upon conditions of release including drug testing after the filing of a complaint and arrest warrant. (Doc. Nos. 27, 40).

3. During Ms. Jeffrey's period of pretrial release, she has submitted urine specimens that tested and confirmed positive for marijuana approximately five times.

4. On June 18, 2021, she filed a motion asking the Court to remove the condition of release that requires drug testing. The defense argues, *inter alia*, that Ms. Jeffrey was not charged with a narcotics offense, the Controlled Substances Act is unconstitutional as applied to Arkansas grown medical marijuana, and Congress has not preempted state regulation of marijuana. (Doc. No. 98).

5. Ms. Jeffrey is not charged with controlled substances offense; however, drug testing is condition of her release. The Magistrate Judge ordered Ms. Jeffrey that she was prohibited from indulging in marijuana during her period of pretrial release. He explained to her that regardless of Arkansas law, testing positive for any narcotic would result in a violation of her pretrial release. Although a condition requiring drug testing may be in the discretion of the Magistrate Judge, under 18 U.S.C. § 3142(c)(A), a mandatory condition of release is the defendant "not commit a Federal, State, or local crime . . ." Possession of marijuana is a violation of Federal crime and a violation of pretrial release.

6. Furthermore, the Eighth Circuit has ruled that a district court "had *no discretion* to allow [the defendant] to use medical marijuana while on supervised release." *United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) (emphasis added). Specifically, the Eighth Circuit said, "courts cannot amend conditions to contradict federal law." *Id.* at 1027. Although the defense is asking the Court to "exercise its discretion" . . . "and removed the drug testing condition . . ." the Court has no authority to allow Ms. Jeffrey to violate federal law.

7. Although *Schostag* is controlling on this issue, Ms. Jeffrey raises several constitutional objections to the prohibition of her use of marijuana while on pretrial release, none of which have merit. Ms. Jeffrey argues that the Controlled Substances Act is unconstitutional as applied to Arkansas-grown medical marijuana because it exceeds Congress's power over interstate commerce. However, the Supreme Court of the United States has held that application of the Controlled Substances Act to intrastate manufacture and possession of medical marijuana did not violate the Commerce Clause. *Gonzalez v. Raich*, 545 U.S. 1, 22 (2005); *see Monson v. Drug Enf't Admin.*, 589 F.3d 952, 964 (8th Cir. 2009) ("Congress's decision to regulate the manufacture of all marijuana plants—whatever their ultimate use—was a rational means of achieving one of

Congress's primary objectives: 'to control the supply and demand of controlled substances in both lawful and unlawful drug markets.'") (quoting *Gonzalez*, 545 U.S. at 19).

8. Ms. Jeffrey also contends that Congress has not preempted state regulation of marijuana. It is correct that states are free to "pass and enforce [their] own laws regarding medical marijuana." *United States v. Stacy*, 734 F. Supp. 2d 1074, 1079 (S.D. Cal. 2010). However, such laws still conflict with federal law, and the existence of state medical-marijuana laws does not provide a person with immunity under federal law. *See id.* The Arkansas Medical Marijuana Amendment, recognizing the conflict, states that "marijuana use, possession, and distribution for any purpose remains illegal under federal law." Ark. Const. amend. XCVIII, § 20. Thus, to the extent Ms. Jeffrey is contending that the Supremacy Clause does not apply here because there is no conflict between the Arkansas Medical Marijuana Amendment and federal law, she is mistaken.

9. Ms. Jeffrey also alleges, without support, that federal courts in some states have relaxed prohibitions against medical marijuana in non-drug cases. She argues that failing to do so here would violate the Privileges and Immunities Clause in Article IV of the United States Constitution. However, that provision applies to neither federal statutes nor federal courts. *See United States v. Yates*, 746 Fed. App'x 162, 164 (4th Cir. 2018) (unpublished) (citing *Cramer v. Skinner*, 931 F.2d 1020, 1029 n.7 (5th Cir. 1991)).

10. Ms. Jeffrey argues that an appropriations rider attached to the appropriation for the Department of Justice prevents any of the Department's representatives from litigating issues pertaining to state legalization of medical marijuana. The rider has no impact on this Court's authority to include a requirement for marijuana testing among the conditions of Ms. Jeffrey's pretrial release. *See United States v. Nixon*, 839 F.3d 885 (9th Cir. 2016). Further, Ms. Jeffrey may seek to enjoin the expenditure of Department funds only if she has "strictly compl[ied] with all

state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana." *United States v. McIntosh*, 833 F.3d 1163, 1178 (9th Cir. 2016). Ms. Jeffrey must demonstrate that her use was compliant with the Arkansas Medical Marijuana Amendment. *See United States v. Jackson*, 388 F. Supp. 3d 505, 514–15 (E.D. Pa. 2019). The United States would note that among the allegations in the petition to revoke Ms. Jeffrey's pretrial release is that she informed the probation officer that she had been using synthetic marijuana. (Doc. 99, p. 2). Therefore, Ms. Jeffrey cannot establish that such use complies with the Arkansas Medical Marijuana Amendment. The appropriations rider does not bar the Department from spending funds to determine whether the rider applies. *See United States v. Pisarski*, 965 F.3d 738, 742 (9th Cir. 2020).

Therefore, the United States respectfully requests that the Defendant's motion for modification of pretrial release be denied.

Respectfully submitted,

JONATHAN D. ROSS
ACTING UNITED STATES ATTORNEY

By: STACY R. WILLIAMS
Assistant United States Attorney
Bar Number 2011081
Post Office Box 1229
Little Rock, Arkansas 72203
501-340-2600
Stacy.Williams@usdoj.gov