IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                                                                   Case No. 4:20-cr-00288-2-DPM

BRITTANY DAWN JEFFREY

### ORDER OF DETENTION

Defendant appeared with counsel on this date for a bond revocation hearing. Prior to the hearing, Ms. Jeffrey tested presumptively positive for marijuana use. After making inquiry with Ms. Jeffrey and her counsel, I found her competent to proceed.

The Government's Motion to Revoke Pretrial Release (Doc. No. 99) is GRANTED. I find there is clear and convincing evidence Defendant violated conditions of release and is "unlikely to abide by any condition or combination of conditions of release" pursuant to 18 U.S.C. § 3148 (b)(1)(B) & (b)(2)(B). This finding is based upon the evidence Defendant tested positive for marijuana on multiple occasions and attempted to tamper with the testing on at least two occasions by diluting samples. For these reasons, Defendant is remanded to the custody of the United States Marshal.

While detained, the Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.[1] Further, on order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the

---

[1] The intent of this provision is to ensure defense counsel experiences no unnecessary obstruction communicating with the Defendant in person, by telephone, or (if possible) by video-teleconference.

Defendant to the United States Marshal for a court appearance.

Defendant's Motions to Modify Conditions of Release (Doc. Nos. 98 and 103) are DENIED as moot.  Given her revocation and detention, there are no longer any conditions of release to be modified.  Even if the Motions were not moot, they would be denied.  Based on information in the Pretrial Services Bail Report, I imposed the condition of drug testing and treatment when releasing Ms. Jeffrey on bond.  (Doc. No. 40.)  At the bond hearing, I notified Defendant that the conditions were not designed to be punitive; rather, the conditions were designed to provide necessary structure for Defendant to be in the possible situation to defend herself against these very serious charges.  I also explained in detail the prohibition of any drug use – including medical marijuana – and the consequences that would be imposed for illegally using marijuana in violation of my Order Setting Conditions of Release.

When these conditions of release were imposed, the defense did not object or request any form of accommodation concerning her use of medical marijuana.  Instead, she flouted this Court's conditions – which required, among other things, that she not violate federal law and not use or unlawfully possess a controlled substance – and attempted to deceive the Court by diluting samples.  I note that Defendant tested positive less than two weeks after agreeing to follow these conditions.  (Doc. No. 99.)  It is an untenable position to ask, at this late stage, to modify her conditions of release - including the mandatory condition that Defendant not violate any federal law – in response to a petition to revoke her Order Setting Conditions of Release.  Defendant essentially seeks relief from her numerous violations of the Court's Order Setting Conditions of Release by seeking to modify those conditions she refuses to follow. Her Motions to Modify Conditions of Release are too little, too late.

It is also noteworthy that Ms. Jeffrey applied for and received her state issued medical marijuana card well after being placed on bond - on April 7, 2021.  (Doc. No. 103.)  Defendant

applied for and received her card after being admonished that using marijuana, even for medical purposes, was a violation of the Court's Order Setting Conditions of Release.

I further find Defendant's testimony unpersuasive regarding her posttraumatic stress disorder being the driving force for her need for marijuana. During her initial interview with U.S. Pretrial Services Officers in December 2020, Ms. Jeffrey reported no history of mental health issues and no need for mental health treatment. Ms. Jeffrey was also completely unwilling to work with her pretrial services officers to obtain mental health treatment stating she was leery of "government" provided services. Ms. Jeffrey's first reported treatment was last week – suggesting her need for treatment is a ploy to keep her from being revoked.

Additionally, the "use of marijuana – even for medical purposes – contravenes federal law." *United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) (holding a district court has no discretion to allow a defendant to use medical marijuana while on supervised release); 21 U.S.C. §§ 812, 844. The Bail Reform Act provides that any defendant released, whether on personal recognizance or on conditions, must be released "subject to the condition that the person not commit a Federal, State, or local crime during the period of release." 18 U.S.C. § 3142 (b) & (c)(1)(A). Even if the drug testing condition were removed, Defendant's use of medical marijuana would constitute a violation of her conditions of release. As aptly stated by another Court presented with the same question, "[t]he Court cannot, and will not, sanction the violation of federal law by a defendant on pre-trial release, even if state law and the weight of public opinion appear to contradict that federal law." *United States v. Pearlman*, 2017 WL 7732811, at 8 (D. Conn. July 7, 2017); *see also United States v. Kelly*, 419 F. Supp. 3d 610 (W.D.N.Y. Dec. 9, 2019) (declining to remove drug testing condition and allow use of medical marijuana because compliance with federal law is a mandatory condition of release); *United States v. Perla*, 2021 WL 461881 (W.D. Pa. Feb. 9, 2021) (same).

SO ORDERED this 25th day of June 2021.

                                                                                   _____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE