UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:20CR00288-02-DPM |
| v. ) | |
| ) | |
| BRITTANY DAWN JEFFREY ) | |

### RESPONSE TO DEFENDANT′S APPEAL OF MAGISTRATE′S ORDER OF REVOCATION AND DETENTION

The United States of America, through Jonathan D. Ross, Acting United States Attorney for the Eastern District of Arkansas, and John Ray White, Assistant U.S. Attorney for said district, for its response states:

### BACKGROUND

On February 3, 2021, a federal grand jury returned a superseding indictment against Brittany Jeffrey charging her with conspiracy to attempt to destroy by means of fire a Little Rock Police Department patrol car, attempting to destroy by means of fire the same patrol car, making a Molotov cocktail, possessing a Molotov cocktail, and using that Molotov cocktail in an attempted crime of violence. (Doc. No. 56). Jeffrey had previously been released on conditions, including drug testing, after the filing of a complaint and arrest warrant. (Doc. Nos. 27, 40). On June 18, 2021, she filed a motion asking the Court to remove the condition of release that required drug testing. She argued, *inter alia*, that she was not charged with a narcotics offense, the Controlled Substances Act is unconstitutional as applied to Arkansas grown medical marijuana, and Congress has not preempted state regulation of marijuana. (Doc. No. 98). Jeffrey submitted a copy of an Arkansas Medical Marijuana Card issued on April 7, 2021, as a supplement to her motion. (Doc. 103). On June 21, 2021, the United States filed a motion to

revoke Jeffrey's pretrial release, alleging that she had submitted urine specimens that tested and confirmed positive for marijuana multiple times while on pretrial release. (Doc. 99). The United States also filed a response in opposition to Jeffrey's motion to modify her conditions of release. (Doc. 102).

At the hearing on the motion to revoke, United States Probation Officer Kelley Autry testified that Jeffrey tested positive for marijuana on December 28, 2020, February 3, 2021, March 29, 2021, April 1, 2021, and May 25, 2021. (Revo. Hrg. Tr. p. 6). The samples tested on February 3, 2021, and May 25, 2021, were diluted. (Revo. Hrg. Tr. p. 6). Autry also testified that Jeffrey tested presumptively positive for marijuana prior to the hearing. (Revo. Hrg. Tr. p. 7). Jeffrey had been advised that it was a violation of her pretrial-release conditions to use marijuana. (Revo. Hrg. Tr. p. 7). Autry stated that Jeffrey was adamant that she did not need substance-abuse treatment because she was using marijuana, not abusing it. (Revo. Hrg. Tr. p. 7). Autry testified that Jeffrey had told her that she used marijuana to deal with post-traumatic stress stemming from encounters with the Little Rock Police Department. (Revo. Hrg. Tr. p. 8). Jeffrey had no mental health treatment conditions as part of her bond conditions, and she opposed having a mental health treatment condition added to her bond conditions. (Revo. Hrg. Tr. p. 8). Jeffrey's Pretrial Services Report indicated that she denied a need for mental-health treatment. (Revo. Hrg. Tr. p. 15). According to Autry, Jeffrey continued to use marijuana after being released on conditions, and she had not been willing to participate in any treatment the United States Probation Office could offer to her. (Revo. Hrg. Tr. p. 14).

Jeffrey testified that she had been issued her medical-marijuana card on April 7, 2021, and that she had used medical marijuana since that time. (Revo. Hrg. Tr. p. 19, 22). Jeffrey stated that she did not want to receive treatment from a provider associated with the government.

2

(Revo. Hrg. Tr. p. 20). She also indicated that she did not remember if she had reported any mental-health conditions to the probation office. (Revo. Hrg. Tr. p. 24).

In an order entered on June 25, 2021, the magistrate judge granted the United States' motion to revoke Jeffrey's pretrial release. (Doc. 105). The magistrate found that there was clear and convincing evidence that Jeffrey had violated the conditions of her release and that she was unlikely to abide by any condition or combination of conditions. The finding was based on the evidence that Jeffrey had tested positive for marijuana on multiple occasions and had attempted to tamper with the samples on at least two occasions. The magistrate denied Jeffrey's motion to modify her conditions of release as moot. The magistrate further stated that if the motion to modify were not moot, it would have been denied. The magistrate based this conclusion on the fact that Jeffrey did not object to the drug-testing condition or request an accommodation for use of medical marijuana. In addition, Jeffrey only received her medical-marijuana card on April 7, 2021, and she did not report any mental-health issues or need for treatment to the probation office at the time her supervision commenced.

Jeffrey has now appealed the magistrate's order revoking her pretrial release and denying her motion to modify her conditions to this Court.

## **LAW AND ARGUMENT**

"When [a] district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985). 18 U.S.C. § 3148(b) requires that an order of revocation and detention be entered upon a finding that there is clear and convincing evidence that a person has violated a condition of release and that the person is unlikely to abide by any condition or

combination of conditions. Both conditions are satisfied here. There was unrefuted testimony at the revocation hearing that Jeffrey tested positive for marijuana on multiple occasions, and that use of marijuana was a violation of her conditions of release. The evidence also supports the conclusion that she would be unwilling to abide by a condition barring her from using marijuana. She was aware at the time she was placed on conditions that using marijuana was a violation, and she continually used it despite that condition. She made it clear to the probation officer that her use of it was her conscious choice. Although she testified that her use of marijuana was to treat a mental-health condition, she did not report any such condition until after she had tested positive for marijuana, and she did not ask for any type of accommodation or alteration of the condition until it was evident that revocation proceedings would be commenced. Jeffrey used marijuana throughout her time on supervised pretrial release, and there is no credible evidence in the record to indicate that she would stop doing so if she were to be released again on conditions.

The magistrate correctly determined that Jeffrey's detention renders her request to modify her conditions moot. However, in the event this Court elects to release Jeffrey on conditions, her request to eliminate the drug-testing requirement and permit her to use marijuana should be denied. Setting her conditions to permit the use of marijuana, even for medical purposes, is not permitted under controlling precedent from the United States Court of Appeals for the Eighth Circuit. Although the defense requests that the court "exercise its discretion" to remove the drug testing condition, the Eighth Circuit has ruled that a district court "had *no discretion* to allow [the defendant] to use medical marijuana while on supervised release." *United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) (emphasis added). Specifically, the Eighth Circuit said, "courts cannot amend conditions to contradict federal law." *Id.* at 1027.

Although *Schostag* is controlling on this issue, Jeffrey raised several constitutional

4

objections in her motion to modify her pretrial-release conditions, none of which have merit. Jeffrey argued that the Controlled Substances Act is unconstitutional as applied to Arkansas-grown medical marijuana because it exceeds Congress's power over interstate commerce. However, the Supreme Court of the United States has held that application of the Controlled Substances Act to intrastate manufacture and possession of medical marijuana did not violate the Commerce Clause. *Gonzalez v. Raich*, 545 U.S. 1, 22 (2005); *see Monson v. Drug Enf't Admin.*, 589 F.3d 952, 964 (8th Cir. 2009) ("Congress's decision to regulate the manufacture of all marijuana plants—whatever their ultimate use—was a rational means of achieving one of Congress's primary objectives: 'to control the supply and demand of controlled substances in both lawful and unlawful drug markets.'") (quoting *Gonzalez*, 545 U.S. at 19).

Jeffrey also contended that Congress has not preempted state regulation of marijuana. It is correct that states are free to "pass and enforce [their] own laws regarding medical marijuana." *United States v. Stacy*, 734 F. Supp. 2d 1074, 1079 (S.D. Cal. 2010). However, such laws still conflict with federal law, and the existence of state medical-marijuana laws does not provide a person with immunity under federal law. *See id.* The Arkansas Medical Marijuana Amendment, recognizing the conflict, states that "marijuana use, possession, and distribution for any purpose remains illegal under federal law." Ark. Const. amend. XCVIII, § 20. Thus, to the extent Jeffrey contends that the Supremacy Clause does not apply here because there is no conflict between the Arkansas Medical Marijuana Amendment and federal law, she is mistaken.

Jeffrey also alleged in the motion, without support, that federal courts in some states have relaxed prohibitions against medical marijuana in non-drug cases. She argued that failing to do so here would violate the Privileges and Immunities Clause in Article IV of the United States Constitution. However, that provision applies to neither federal statutes nor federal courts. *See*

5

*United States v. Yates*, 746 Fed. App'x 162, 164 (4th Cir. 2018) (unpublished) (citing *Cramer v. Skinner*, 931 F.2d 1020, 1029 n.7 (5th Cir. 1991)).

Jeffrey also argued that an appropriations rider attached to the appropriation for the Department of Justice prevents any of the Department's representatives from litigating issues pertaining to state legalization of medical marijuana. The rider has no impact on this Court's authority to include a requirement for marijuana testing among the conditions of Jeffrey's pretrial release. *See United States v. Nixon*, 839 F.3d 885 (9th Cir. 2016). Further, Jeffrey may only seek to enjoin the expenditure of Department funds only if she has "strictly compl[ied] with all state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana." *United States v. McIntosh*, 833 F.3d 1163, 1178 (9th Cir. 2016). She must demonstrate that her use was compliant with the Arkansas Medical Marijuana Amendment. *See United States v. Jackson*, 388 F. Supp. 3d 505, 514–15 (E.D. Pa. 2019).

The appropriations rider does not bar the Department from spending funds to determine whether the rider applies. *See United States v. Pisarski*, 965 F.3d 738, 742 (9th Cir. 2020). The evidence shows that Jeffrey's use of marijuana did not comply with the Arkansas Medical Marijuana Amendment. The United States would note that Jeffrey only received her medical-marijuana card on April 7, 2021, after she had tested positive for marijuana multiple times while under supervision. Obviously, her use of marijuana on those occasions prior to her receipt of the card was not permitted under the Arkansas Marijuana Amendment, as she had no medical-marijuana card.[1]

Finally, the United States contends that Jeffrey has been charged with crimes surrounding

---

[1] The magistrate also expressed doubt that Jeffrey's marijuana use was for treatment of a mental-health condition, based on the evidence presented at the revocation hearing.

civil disobedience. After being specifically instructed by the Magistrate Judge that smoking marijuana would be a violation of her conditions of release, she continuously smoked marijuana.

WHEREFORE, the United States respectfully requests that the defendant's bond appeal be denied.

Respectfully submitted,

JONATHAN D. ROSS
Acting United States Attorney

JOHN RAY WHITE
Bar No. 91003
Assistant United States Attorney
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
John.White2@usdoj.gov