IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                       No. 4:20-cr-288-DPM-2

BRITTANY DAWN JEFFREY                                       DEFENDANT

ORDER

Jeffrey appeals Magistrate Judge Volpe's Order revoking her pretrial release. *Doc. 105 & 106*. The Court has benefitted from the transcript of the revocation hearing, the parties' briefs, and the exhibits submitted. *Doc. 113, 115, 116 & 118*. On *de novo* review, the Court affirms Magistrate Judge Volpe's careful decision. 18 U.S.C. § 3145(b). The Court agrees with his ruling.

Jeffrey makes several arguments for why medical marijuana use should be allowed on pretrial release. These arguments are somewhat misplaced in this case. Jeffrey didn't get her Arkansas medical marijuana card until 7 April 2021 — after she'd already tested positive for marijuana four times. *Doc. 99 & 103*. In any event, Jeffrey's arguments are for Congress and for higher courts. The Controlled Substances Act still classifies THC as a Schedule I controlled substance. 21 U.S.C. § 812(c)(c)(17). Possessing marijuana — even for prescribed medical use — therefore remains a federal crime. 21 U.S.C. § 844(a); *Gonzales v. Raich*, 545 U.S. 1, 27 (2005). And the Court has no discretion

to allow Jeffrey to violate federal law. *United States v. Schostag*, 895 F.3d 1025, 1027-28 (8th Cir. 2018). Further, while removing the testing condition is a creative solution, it amounts to the Court doing just that—using its discretion to allow a violation of federal law.

Jeffrey didn't dispute that she'd violated the conditions of her pretrial release by using marijuana. 18 U.S.C. § 3148(b)(1)(B). And though she explained why she did so—to treat her PTSD—it was nonetheless a violation. Further, when Magistrate Judge Volpe initially released Jeffrey, he gave her clear instructions that she couldn't use marijuana, even for medical purposes. Nonetheless, she continued to use marijuana and then sought out a medical marijuana card while on pretrial release. Jeffrey also failed to work with the United States Probation Office to find an alternate treatment for her PTSD. In the circumstances, the undisputed facts were sufficient to support a finding that Jeffrey was unlikely to abide by any condition or combination of conditions. 18 U.S.C. § 3148(b)(2)(B).

The Magistrate Judge's detention order, *Doc. 105*, is affirmed; and Jeffrey's appeal, *Doc. 106*, is denied.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 August 2021