**PARTNERS**
**Phillip C. Hamilton, Esq.**
**Lance A. Clarke, Esq.**

August 18, 2022

The Honorable Judge D.P. Marshall, Jr.
600 West Capitol Avenue, Room B149
Little Rock, AR 72201

**Re: U.S. v. Brittany Dawn Jeffrey, 4:20-cr-00288-(DPM); Appeal of Magistrate Decision**

Dear Judge Marshall,

      Ms. Jeffery submits this letter as an appeal from the Honorable Magistrate Judge Joe J. Volpe's most recent denial of her request for release pending sentence. (Doc. No. 220). Over the Government's objection, and for the following reasons, Ms. Jeffery asks that the Court allow her to prepare for sentencing under house arrest according to the strict conditions outlined in her initial application for release. (Doc. No. 210). Alternatively, she asks that Your Honor grant equitable relief remedying the unreasonable communication challenges created by the Pulaski County Regional Detention Facility ("PCRDF").

## I.   STANDARD WHEN REVIEWING ORDERS OF DETENTION

      This Court reviews orders of detention de novo. *United States v. Childs*, No. 4:21CR00066 JM, 2021 WL 4557569, at *1 (E.D. Ark. Oct. 5, 2021). The Court is, therefore, free to hear additional evidence and rely on its own independent evaluation of the instant case — "as unfettered as it would be if [it] were considering to amend its own action." *See United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985) (en banc) (quoting *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981)); *see also United States v. Kirkaldy*, 181 F.3d 83 (2d Cir. 1999) ("On a motion for revocation or amendment of the detention order, a district court should 'not simply defer to the judgment of the magistrate, but reach its own independent conclusion.'" (quoting *United States v. Leon*, 766 F.2d 77, 80 (2d Cir.1985))).

## II.   MS. JEFFREY ASKS THIS COURT TO SET ASIDE JUDGE VOLPE'S DENIAL OF HER UPDATED REQUEST AND RECONSIDER HER DETENTION UNDER BOTH 18 U.S.C. § 3153(a)(1) AND 18 U.S.C. § 3148

      The Bail Reform Act covers matters of release and detention. 18 U.S.C. § 3142, *et seq*. 18 U.S.C, § 3143, specifically, addresses issues of release and detention pending sentence. 18 U.S.C. § 3143(a)(1) directs the Court to release defendants it finds are unlikely to flee or pose a danger to the community, whereas 18 U.S.C. § 3143(a)(2) states that defendants found guilty of a violent crime "shall be detained" unless they meet certain criteria.

      Judge Volpe held in his Order that Ms. Jeffery "simply does not qualify" for release under 18 U.S.C. § 3143 because she pled guilty to a crime of violence. (Doc. No. 220.)

However, Ms. Jeffery did **not** plead guilty to a crime of violence.  She pled guilty to one count of 18 U.S.C. § 371 for conspiring to possess an unregistered firearm in violation of 26 U.S.C. § 5845(a)(8).  (Doc. No. 203.)

1.  **Ms. Jeffery Did Not Plead Guilty to a Crime of Violence**

A "crime of violence" is defined as:

> (A) an offense that has *as an element* the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 3156(a)(4) (emphasis added).  Identical language has been used throughout the United States Code to describe crimes of violence, e.g., 18 U.S.C. § 16[1] and 18 U.S.C. § 924(c)(3).  *See United States v. Davis*, 139 S. Ct. 2319, 2325 (2019).  As with § 3156(a)(4), the term is commonly defined in two subparts:  (A)—also known as the "elements clause"—and (B)—the "residual clause."  *See id.* at 2324.

   *a.*  ***The Residual Clause***

Judge Volpe did not specify which of § 3156(a)(4)'s two clauses his findings rely on.  However, because the residual clause sweeps broadest, it makes sense to start the analysis there.  In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court ruled a parallel statute's residual clause unconstitutionally vague for violating due process and separation of powers principles.  139 S. Ct. 2319 at 2335 (§ 924(c)(3)); *see also Sessions v. Dimaya*, 138 S. Ct. 1204, 1215 (2018) (holding § 16(b) unconstitutionally vague for violating guarantee of due process).

Historically, courts took a categorical approach to interpreting the residual clause, assessing the "nature" of an offense in the abstract.  *Davis*, 139 S. Ct. at 2326.  Instead of looking to the specific conduct at issue, courts applied the law to a crime's imagined "ordinary case."  *Id.*  Eventually, the Supreme Court reasoned that "criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed" by an imaginary offense and voided the clause altogether.  *Id.*  There is no reason to assume the Court would view § 3156(a)(4)'s residual clause differently, which leaves § 3156(a)(4)'s elements clause as the only available grounds for Judge Volpe's denial of Ms. Jeffery's request.  *See id.* at 2329 ("[W]e normally presume that the same language in related statutes carries a consistent meaning.").

---

[1] The undersigned assumes Magistrate Judge Volpe's Order was referring to 18 U.S.C. § 16 "Crime of violence defined," not 18 U.S.C. § 6 "Department and agency defined."  (See Order, Doc. No. 220 at 2).

### b.     *The Elements Clause*

The elements clause requires a categorical approach of its own. *See United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). The only question is whether the felony at issue requires the government to prove "the use, attempted use, or threatened use of force" as an element of its case. *Id.* at 2020-24. This is to avoid potential Sixth Amendment complications were "a judge, not a jury, [to] make findings about the [defendant's] underlying conduct." *Davis*, 139 S. Ct. at 2327.

The crime of conspiring to possess an unregistered firearm cannot be considered a crime of violence for purposes of § 3156(a)(4)'s elements clause because it does not require the government to prove—beyond a reasonable doubt—that Ms. Jeffery used, attempted to use, or threatened to use force while committing her offense. *See Taylor*, 142 S. Ct. at 2019; *Jones v. United States*, 39 F.4th 523, 526 (8th Cir. 2022) ("Conspiracy . . . does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another"); *see also United States v. Tsarnaev*, 968 F.3d 24, 102 (1st Cir. 2020), *rev'd on other grounds*, 142 S. Ct. 1024 (2022) (finding federal arson convictions arising from Boston Marathon bombings not to be crimes of violence under elements clause). To hold otherwise would directly contradict all relevant Supreme Court precedent and represent a blatant indifference to Ms. Jeffery's Sixth Amendment rights. *See Dimaya*, 138 S. Ct. at 1217. It follows that Ms. Jeffery is in fact eligible to be considered for release under § 3153(a)(1), or, at minimum, is not ineligible for the reason advanced by Judge Volpe's denial of her request.

### 2.     **Ms. Jeffrey is Statutorily Eligible for Release.**

§ 3148 of the Bail Reform Act covers sanctions for violating one's release conditions both pre and post-conviction. (*Id.* at 1 (citing *United States v. Welsand*, 993 F.2d 1366, 1367 (8th Cir. 1993) (per curiam)).) The statute instructs judicial officers to enter orders of revocation and detention if (1) a violation occurs and (2) there is either (A) "no condition or combination of conditions of release that will assure that the [defendant] will not flee or pose a danger" to the community, or (B) the defendant is "unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). It continues:

> If the judicial officer finds that there *are* conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer *shall* treat the person in accordance with the provisions of section 3142 of this title *and may amend the conditions of release accordingly*.

§ 3148(b) (emphasis added). Thus, prior violations do not foreclose a defendant "from [re]applying for restoration of [a] release order upon more restrictive conditions." *See United States v. Welsand*, 993 F.2d 1366, 1367 (8th Cir. 1993).

3

In *United States v. Welsand*, 993 F.2d 1366 (8th Cir. 1993), the district court ordered Mr. Welsand released *following* a nine-count conviction[2], subject to the freezing of his assets. 993 F.2d at 1366. Mr. Welsand was then found to have violated those conditions the very next day by withdrawing money from multiple of his accounts. *Id.* at 1367. However, after affirming his detention, the 8th Circuit concluded that Mr. Welsand was still nevertheless eligible for release under § 3148(b), provided a showing that stricter conditions would ensure his appearance at sentencing. *Id.*

### III.   A THOROUGH INVESTIGATION OF MITIGATING EVIDENCE REQUIRES MEANINGFUL OPPORTUNITIES TO CONSULT WITH MS. JEFFERY IN PREPARATION FOR SENTENCING

Stemming from the Sixth Amendment's grant of legal assistance, criminal defendants "have a substantial . . . interest in *effective communication*" with their attorneys while detained. *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1051-53 (8th Cir. 1989) (emphasis added); *see also Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) (noting correctional facilities must provide inmates with "adequate, effective, and meaningful" opportunities to consult with counsel). Indeed, the Supreme Court has repeatedly held that defense counsel is obligated "to conduct a thorough investigation of the defendant's background" and present mitigating evidence at sentencing. *E.g.*, *Andrus v. Texas*, 140 S. Ct. 1875, 1881 (2020) (per curiam) (quoting *Porter v. McCollum*, 558 U.S. 30, 39 (2009) (per curiam)).

Unfortunately, the PRCDF's unusually restrictive limitations on phone use are materially impeding the undersigned from compiling a thorough record of Ms. Jeffery's personal history. *Compare Beaulieu v. Ludeman*, 690 F.3d 1017, 1041 (8th Cir. 2012) (thirty-minute time-limit on legal calls upheld where attorneys "could always contact staff and ask for more time"), *Aswegan*, 981 F.2d at 314 (prohibition on toll free telephone use upheld where inmates were entitled to make unlimited collect calls to counsel), *and Benzel v. Grammer*, 869 F.2d 1105 (8th Cir. 1989) (two-calls-per-week policy upheld for personal calls where inmates were otherwise permitted to make unlimited legal calls), *with Johnson-El*, 878 F.2d at 1052-53 (two-call limit on personal and legal calls potentially unconstitutional) *and Divers v. Dep't of Corr.*, 921 F.2d 191, 194 (8th Cir. 1990) (claim alleging inmate was required to show proof he was within thirty days of court date before phoning attorney was not legally frivolous).

PCRDF's official policy only accommodates one two-hour Zoom or telephone call every other Friday, and one, one-hour Zoom or telephone call on Fridays during the other weeks, in order for Ms. Jeffery to consult with her (out-of-state) attorneys and mitigation team. (*See* Exhibit A.). Judge Volpe opined "two hours of Zoom weekly fairly meets the qualified right of access to counsel." (Order, Doc. No. 220 at 3.) But realistically, Ms. Jeffery is sometimes afforded a mere thirty-minutes per week to discuss her case and prepare for sentencing, or, no call at all. (*See* Exhibit B (PRCDF Call Schedule)). For example, on Friday, July 29, 2022, the day after Judge Volpe issued his most recent Order, PCRDF responded to the undersigned's request to meet with Ms. Jeffery: "Good time on Fridays would be 11-12, for 1 hour maybe every other Friday we can do 2 hours. We are really short on staff." (*See* Exhibit A.)

---

[2] Conversely, Ms. Jeffery's detention was imposed before she signed her one-count plea agreement.

4

As Your Honor remarked at Ms. Jeffery's plea hearing, the Court takes mitigating evidence seriously when considering an appropriate sentence. To the PRCDF's credit, their representatives have been nothing but kind and respectful to us, however, their staffing shortages and related inability to provide more constitutionally satisfactory time for us to speak with Ms. Jeffrey in preparation for sentence are what drives Ms. Jeffrey's instant request.

The undersigned works in conjunction with mitigation specialists to prepare sentencing memorandums that comprehensively address the 3553(a) factors. The circumstances and underlying motives behind Ms. Jeffrey's offense conduct are extremely layered, as is Ms. Jeffrey as a person. Exploring and explaining the reasons as to why Ms. Jeffrey engaged in said conduct will require much more than a boilerplate analysis of the issues. We have averaged anywhere between fifty to two hundred hours preparing clients for sentencing, depending on the circumstances of the client's life, and the circumstances of the case. When we prepare clients for sentencing, we work quite extensively with them, often multiple times per week, at various times per week taking into account scheduling for other legal matters, in order to obtain a firm grasp on the client's personal history, to understand what records and corroborative documents we may need to request (or, have the client request), and to permit the client to track our progress with respect to the sentencing memorandum—particularly via Zoom when not in person.

## IV.   CONCLUSION

From communications with U.S. Probation, it is my understanding that the presentence report (PSR) should be in the Court's possession soon, as both the Government and Defense have responded with objections, if any. Accordingly, for the foregoing reasons, in addition to Ms. Jeffrey's prior arguments as to why she is not a flight risk or a danger to her community, Ms. Jeffrey prays to be released pending sentence, to the third-party custody of her mother, Ms. Christine Jeffrey, located at 67 Angel Court, Mabelvale, Arkansas, 72103, and to reside at her home under much stricter conditions than her initial conditions of release – including location monitoring, weekly drug testing, a $250,000 bond executed by three financially responsible persons, and a curfew up to 24 hours per day. This request, which will ensure Ms. Jeffrey's appearance at sentencing, is made notwithstanding or directly attacking the Court's most recent opinion that Ms. Jeffrey's detention is legally proper, particularly in light of how she ended up detained in violation of the conditions of her initial release. It is simply one made in light of the constitutionally questionable circumstances surrounding her *actual* detention.

Alternatively, should the Court decide to continue Ms. Jeffrey's decision, she respectfully requests the Court to exercise its equitable powers to order the PRCDF to give her at least four hours per week of communication with her out-of-state attorneys and mitigation team, including Zoom and telephone calls, until the time of her sentencing.

Ms. Jeffrey sincerely and respectfully thanks the Court for its care and consideration.

Regards,

*Phillip C. Hamilton*

Phillip C. Hamilton, Esq.

# Exhibit A

 Gmail                                                                Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>

# Zoom Call w/ Brittany D. Jeffrey
41 messages

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>                          Wed, Jun 15, 2022 at 5:33 PM
To: Court Liaison <​                  ​pcso.org>

Good Afternoon,

May I please schedule a zoom call with Ms. Jeffrey either tomorrow at 2pm CST or Friday at 12pm CST?

Please advise.

Regards,

Phillip C. Hamilton, Esq.

Phillip C. Hamilton, Esq.
Managing Partner
Hamilton|Clarke, LLP
48 Wall Street, Suite 1100
New York, New York 10005
(T): 212-729-0952 (F): 646-779-0719
HamiltonClarkeLLP.com

---

**Court Liaison** <​              ​pcso.org>                                       Thu, Jun 16, 2022 at 7:00 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

The only thing I can do for you is a phone call we are short staffed and I am the only one able to do attorney interviews since you are out of state. I am not available at 2 today I can squeeze you in today at 11-1130 phone call or Friday 1-1:30 please advise which works and provide a contact phone number for this call.
Thank you Deputy Green

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Wednesday, June 15, 2022 4:33 PM
**To:** Court Liaison <​              ​pcso.org>
**Subject:** Zoom Call w/ Brittany D. Jeffrey

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>                          Thu, Jun 16, 2022 at 3:28 PM
To: Court Liaison <​              ​pcso.org>

Let's do Friday at 12pm CST.

Regards,

Phillip C. Hamilton, Esq.

[Quoted text hidden]

---

**Court Liaison** <​            pcso.org>                                                          Fri, Jun 17, 2022 at 7:54 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

We can not do 12 today. I sent time 11-1130 phone call i have to have time to make it to a 1200 I had already had scheduled. Please send phone number to conduct this

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Thursday, June 16, 2022 2:28 PM
**To:** Court Liaison <​            pcso.org>
**Subject:** Re: Zoom Call w/ Brittany D. Jeffrey

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

---

**Court Liaison** <​            pcso.org>                                                          Fri, Jun 17, 2022 at 7:56 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

Sorry I said 1-130 for friday but I can do 11-1130 today

**From:** Court Liaison <​            pcso.org>
**Sent:** Friday, June 17, 2022 6:54 AM
**To:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>                            Fri, Jun 17, 2022 at 8:23 AM
To: Court Liaison <​            pcso.org>

That's fine. Call me at

Thanks,

Phil

[Quoted text hidden]

---

**Court Liaison** <​            pcso.org>                                                          Fri, Jun 17, 2022 at 8:27 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

ok thank you

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Friday, June 17, 2022 7:23 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Court Liaison** <​            pcso.org>                                                          Fri, Jun 17, 2022 at 9:13 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

If you do not have court this morning, I have a Deputy available to do call between now and 10:00. We had a court cancelation.

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Friday, June 17, 2022 7:23 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>   Thu, Jun 30, 2022 at 10:53 AM
To: Court Liaison <​              pcso.org>

Good Morning,

I hope this email finds you well.

I am writing you to touch base to see if there can be a consistent time(s) for us to speak with Ms. Jeffrey moving forward.

Specifically, Ms. Jeffrey has pleaded guilty in federal court to an offense and her sentencing will most likely be scheduled for September or October. To that end, we need to speak with her more regularly/consistently to prepare her for sentence and to gather information that the Court will need for sentencing.

What times throughout the week (or weekends, if possible) are generally available to schedule Zoom calls? Also, is it possible to schedule at least two-hour blocks for said calls? And overall, is it possible for us to spend at least four hours per week virtually meeting with Ms. Jeffrey from now through her sentencing?

Not trying to be difficult at all, I hope you know. It's just that as out-of-state attorneys, the virtual route is the primary means by which we can practically keep communication consistent with our client.

Please advise when you have a moment. Also, please advise if you are able to schedule a phone call for Ms. Jeffrey and I tomorrow at 1pm, or sometime around then.

Thank you for all of the assistance.

Regards,

Phillip C. Hamilton, Esq.

[Quoted text hidden]

---

**Court Liaison** <​              pcso.org>   Thu, Jun 30, 2022 at 2:08 PM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

Good afternoon, This is Deputy M. Green I am reaching out in response to your request. After speaking to my supervisor about your request, the only availability will be 2 hours a week Zoom. There is no way we will be able to do 4 hours a week due to manpower and availability to computer access because we conduct numerous courts by video. We would ask if possible we can do 2 full hours on Fridays. That is usually our slow days with court. Please advise if this works.
Thank you Deputy M. Green

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Thursday, June 30, 2022 9:53 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>   Thu, Jun 30, 2022 at 5:11 PM
To: Court Liaison <​              pcso.org>

Thank you for the clarification re: video policy.

Could I supplement the two hours of video on Fridays with phone calls throughout the week? Basically, could we have days where we speak to her on the phone for a couple of hours as well? How does the phone policy work?

Also, may I please schedule a phone call with Brittany tomorrow around 11:30am CST?

Please advise.

Thanks,

Phillip C. Hamilton, Esq.

[Quoted text hidden]

---

**Court Liaison** <​ pcso.org>   Fri, Jul 1, 2022 at 7:10 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

It will be the same, we will only do 2 hours for the whole week and we are under staffed so if you could do the 2 hours in 1 day that would be the best option for man power. I am the only person whom does these and I have several courts to conduct and I am responsible for other assignments. So We can either do 2 hour phone call or 2 hour zoom. Or One day I can do 1hour call and another day 1 hour zoom.

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Thursday, June 30, 2022 4:11 PM

[Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>   Fri, Jul 1, 2022 at 8:17 AM
To: Court Liaison <​ pcso.org>

I understand. Can it only be on Fridays when I can virtually speak to her?

Also, may I speak with Brittany via phone today at 1pm CST? Or sometime before?

Please advise.

Thanks,

Phillip C. Hamilton, Esq.

[Quoted text hidden]

---

**Court Liaison** <​ pcso.org>   Fri, Jul 1, 2022 at 8:32 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

If you do 2 hours yes friday would be best, because that is slow day for us. Other day you can only do 1 hour and wednesday would be good 1200-1 is slot open on that day

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Friday, July 1, 2022 7:17 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Court Liaison** <​ pcso.org>   Fri, Jul 1, 2022 at 8:33 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

We would need to set permanent days we will not be able to switch days and times every week

**From:** Court Liaison <​ pcso.org>
**Sent:** Friday, July 1, 2022 7:32 AM

[Quoted text hidden]

[Quoted text hidden]

**Court Liaison** <​          pcso.org>                                    Fri, Jul 1, 2022 at 9:09 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

==I can let you talk to her for 30 minutes today from 1:15-1:45 I already have someone scheduled this afternoon and we have 7 courts and 2 deputies doing this==

**From:** Court Liaison <​          pcso.org>
**Sent:** Friday, July 1, 2022 7:33 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Court Liaison** <​          pcso.org>                                    Fri, Jul 1, 2022 at 11:29 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

If you get a chance can you please call me so we can talk about getting this set up. This is Deputy Green and I can be reached at          .

**From:** Court Liaison <​          pcso.org>
**Sent:** Friday, July 1, 2022 8:09 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Court Liaison** <​          pcso.org>                                    Fri, Jul 1, 2022 at 12:13 PM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

If you can do a phone call with her today at 1:15 I need to know soon, I will be conducting another call from 1200 until then and will not be in the office to respond. I need your phone number also to conduct this call

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Friday, July 1, 2022 7:17 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>                    Fri, Jul 1, 2022 at 12:21 PM
To: Court Liaison <​          pcso.org>

Hi - sorry was in court. Yes I can do 1:15 with her, which is 2:15 my time.
[Quoted text hidden]

---

**Court Liaison** <​          pcso.org>                                    Fri, Jul 1, 2022 at 12:27 PM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

You can do a call today at 1:15 I sent a response to this earlier. **I need a phone number from you to conduct this**. We can talk about scheduling when you speak to your client today at 1:15

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Friday, July 1, 2022 7:17 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>                    Fri, Jul 1, 2022 at 12:59 PM

**To:** Court Liaison <​            pcso.org>

[Quoted text hidden]

---

**Court Liaison** <​            pcso.org>      Fri, Jul 1, 2022 at 1:42 PM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

thank you I got finished with my other call early if you would like to start earlier

> **From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
> **Sent:** Friday, July 1, 2022 11:59 AM
>
> [Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>      Fri, Jul 1, 2022 at 2:08 PM
To: Court Liaison <​            pcso.org>

Hi. 1:15 your time is still best. Talk soon.

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>      Fri, Jul 15, 2022 at 7:17 AM
To: Court Liaison <​            pcso.org>

Good Morning,

Please forgive the late notice, but I am back in NYC from vacation. Is it possible to schedule a one hour, or, a thirty minute phone call with Brittany sometime after 11am your time? My phone number is            if so.

Also, can we please schedule a one hour zoom call for next Wednesday as well? Anytime after 11am your time.

Regards,

Phil

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>      Fri, Jul 15, 2022 at 7:18 AM
To: Brian Sutton <bs@hamiltonclarkellp.com>

Brian - see thread.

[Quoted text hidden]

---

**Court Liaison** <​            pcso.org>      Fri, Jul 15, 2022 at 7:45 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

We can do a 30 minute call today from 1130-1200 today my time

> **From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
> **Sent:** Friday, July 15, 2022 6:17 AM
>
> [Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>      Fri, Jul 15, 2022 at 7:47 AM
To: Court Liaison <​            pcso.org>

Confirmed! Thank you.

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>　　　　　　　　　　Thu, Jul 28, 2022 at 6:03 PM
To: Court Liaison <　　　　pcso.org>

Hi,

Coordinated with my mitigation specialist. Are any of the following blocks of time (CST) available for Friday Zoom calls between my firm and Brittany Jeffrey for the foreseeable future?

1pm to 3pm? (This would work best)

10am to 12pm?

12:30pm to 2:30pm?

Please advise, and thank you as always. Also, if you have any of those times available tomorrow, please advise. We would love to speak with her and catch her up on the case.

Regards,

Phillip C. Hamilton, Esq.

[Quoted text hidden]

---

**Court Liaison** <　　　　pcso.org>　　　　　　　　　　　　　　　　　　Fri, Jul 29, 2022 at 6:58 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

Good morning, Good time on Fridays would be 11-12, for 1 hour maybe every other Friday we can do 2 hours. We are really short on staff

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Thursday, July 28, 2022 5:03 PM

[Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>　　　　　　　　　Fri, Jul 29, 2022 at 10:35 AM
To: Court Liaison <　　　　pcso.org>

Ok. Can we zoom from 11 to 12 today?
[Quoted text hidden]

---

**Court Liaison** <　　　　pcso.org>　　　　　　　　　　　　　　　　　　Fri, Jul 29, 2022 at 10:40 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

The only thing I can do is a 30 min phone call today. We have a lot going on today. i can do the call from 10-1030

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Friday, July 29, 2022 9:35 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>　　　　　　　　　Fri, Jul 29, 2022 at 10:44 AM
To: Court Liaison <　　　　pcso.org>

Moving forward, can we book me in for zoom on Fridays from 11 to 12, and then every other Friday, 11 to 1? That would be a big help.

Is there anytime you have after 11am for a phone call? I'm on a call from 10 to 11 your time that I can't move.

Please let me know, and thanks as always.

- Phil

[Quoted text hidden]

---

**Court Liaison** <​          pcso.org>　　　　　　　　　　　　　　　Fri, Jul 29, 2022 at 10:48 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

You have to set up the zoom link and send it to me

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Friday, July 29, 2022 9:44 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Court Liaison** <​          pcso.org>　　　　　　　　　　　　　　　Fri, Jul 29, 2022 at 10:49 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

We can do a call from 1200-1230 today

**From:** Phillip C. Hamilton, Esq. <ph@hamiltonclarkellp.com>
**Sent:** Friday, July 29, 2022 9:44 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Court Liaison** <​          pcso.org>　　　　　　　　　　　　　　　Fri, Jul 29, 2022 at 10:50 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

We will not be able to do a zoom on 08/26 I will not be in the office

**From:** Court Liaison <​          pcso.org>
**Sent:** Friday, July 29, 2022 9:49 AM

[Quoted text hidden]

[Quoted text hidden]

---

**Phillip C. Hamilton, Esq.** <ph@hamiltonclarkellp.com>　　　　　　　　Fri, Jul 29, 2022 at 11:03 AM
To: Court Liaison <​          pcso.org>

Ok I'll take that, thank you.

You can call at

Thanks,

Phil

[Quoted text hidden]

---

**Court Liaison** <​          pcso.org>　　　　　　　　　　　　　　　Fri, Jul 29, 2022 at 11:46 AM
To: "Phillip C. Hamilton, Esq." <ph@hamiltonclarkellp.com>

You are welcome

# Exhibit B

# August 2022

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
|  | 1 | 2 | 3 | 4 | 5 Zoom Jeffrey 11-1 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 Zoom Jeffrey 11-1 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 Zoom Jeffrey 11-1 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 No Zoom | 27 |
| 28 | 29 | 30 | 31 |  |  |  |

# September 2022

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 Zoom Jeffry 10?☐ 11-1 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 Zoom 11-12 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 Zoom 11-1 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 Zoom 11-1? | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 No Zoom ☒ off | |